Jerome B. E. Wolff, J.
The defendant by her counsel has moved in this court and has challenged the panel of jurors *365 drawn for this Term of County Court on the following grounds: (1) That the two-district jury system in Seneca County is invalid, and (2) That the Board of Supervisors of Seneca County in adopting the Commissioner of Jurors system for the county; and, thence rescinding the original resolution adopting the Commissioner of Jurors system, has left the county in a position where the jurors drawn for this term of court do not consist of a panel drawn in accordance with the Judiciary Law, and thereby violates the constitutional rights of the defendant.
The jury system in Seneca County has been subjected to litigation, and the enactment of laws throughout its entire history. The right of Seneca County to form a two-district jury system, one district comprising the north end of the county, consisting of five towns; and the other district comprising the south end of the county, consisting of five towns, was established by section 3 of chapter 137 of the Laws of 1822. The Court of Appeals in People v. Johnson (110 N. Y. 134) upheld the constitutionality of section 3 of chapter 137 of the Laws of 1822 and the power of the Board of Supervisors of this county to enact a local law in accordance with this act to establish a two-district jury system in the county.
Thereafter, the Board of Supervisors on August 30, 1920, passed a resolution and enacted into Local Law, that the courthouse in Ovid was to be abandoned and henceforth all court trials would be held in the Waterloo courthouse, and also abolished the two-district jury system and enacted into law, by means of a resolution, a one-jury system for the entire county. The said resolution was contested in the case of Matter of Seeley (114 Misc. 633, affd. 196 App. Div. 920) which was later affirmed by the Court of Appeals (231 N. Y. 601). It was contended, in that case, that the Board of Supervisors was without power to form a one-jury system in the county in contravention to the laws passed in 1822. The court held that the Board of Supervisors have the right and power to abandon the two-district jury system if they so wished. The court held that this power was conferred upon them, pursuant to subdivision 14 of section 12 of the County Law which was in force at the time.
The Board of Supervisors of Seneca County by resolution on August 28, 1922, rescinded the former resolution of August 30, 1920, and enacted, pursuant to subdivision 14 of section 12 of the County Law, a Local Law which re-established a two-district jury system in Seneca County, and also re-established the two courthouses, one in Waterloo and one in Ovid, at which places trials would be held.
*366 The two-district jury system in Seneca County has continued since August 28,1922, until the present time. During the interim section 20 of chapter 799 of the Laws of 1942 repealed subdivision 14 of section 12 of the County Law. Article 16 of the Judiciary Law was enacted pursuant to the Laws of 1955.
It is the opinion of this court, that as of August 28, 1922, since subdivision 14 of section 12 of the County Law was in effect, that the Board of Supervisors of Seneca County had the full power at that time to form a two-district jury system. The laws that were passed at a later date had only the effect to abolish the right of the County of Seneca to act in the future to form additional jury districts or to alter them, but did not abrogate specifically the two-district jury system which was already established pursuant to local law.
Articles 16 and 18 of the Judiciary Law do not specifically state that any county having a two-district jury system would have to cease the two-district jury system, nor does it state in any of its provisions that any two-district jury system is illegal, thereafter, from the enactment of those articles of the Judiciary Law.
The Board of Supervisors on April 14,1964, by resolution pursuant to subdivision 2 of section 501 of the Judiciary Law established the office of the Commissioner of Jurors in Seneca County. The County Jury Board convened thereafter, and appointed a Commissioner of Jurors on August 21, 1964. On September 15,1964, the Board of Supervisors, by resolution rescinded their resolution of April 14, 1964, and abolished the position of Commissioner of Jurors on the premise that the expense would be excessive.
It is contended that the Board of Supervisors by their election to have trial jurors selected pursuant to article 16 of the Judiciary Law, could not later rescind their determination and return to a status qua, and, if they could, the two-district jury method would have been abolished by their election under the Judiciary Law.
'Section 501 of the Judiciary Law is termed as an “ optional provisions.” The language of subdivisions 1 and 2 of section 501 is permissive and permits the use of the present jury lists until the first day of January after the effective date of the resolution.
The statute read as a whole is permissive and not mandatory, therefore, the county is not estopped from rescinding its election. The revocation of its resolution occurred before January 1, 1965, before any jury lists could be formulated under article 18 of the Judiciary Law.
*367 To sustain this motion would leave this county without any legal jury lists and invalidate all of the jury proceedings held in the courts retroactively to January 1, 1965.
This court does believe that the Commissioner of Jury system is beneficial and in the interests of justice, in that, it would enlarge the jury lists and expedite trials, and eliminate the problems of excusing persons who are placed on present panels, but possess exemptions and other legal disqualifications.
The mere allegation of counsel as to discrimination because of race, creed, or color is without merit, since no proof has been offered to sustain the allegation. Based upon the law and the facts, the motion is, in all respects, denied.